I will examine the points submitted to this Court in the order in which they stand in the case sent up.
First. Do the facts disclosed in the case constitute a sufficienttaking to support this action?
The negro was in the possession of the plaintiff, and the defendant without any authority went in the night and either by force or seduction obtained possession of the negro; if it was by force, then all the authorities will support the action; if it was by seduction he deprived the plaintiff of his possession, the rule of law should be the same. No precedent can be produced, because there is no slavery in England, nor do I know of any case of the kind coming before any of the courts in this country; but the reason is the same.
The second objection is that the property was in the defendant by his bid, and time given him to pay, etc.
A bid at a sheriff's sale is an offer to pay so much money for the property exposed to sale, not the mere verbal declaration of the party that he is willing to give so much; therefore the defendant could not be considered a bidder, as he did not pay *Page 263 
the money. The property could not pass to the defendant, as there was no money paid by him, nor any delivery of possession to him. S. v. Johnston, 2 N.C. 294; 8 (360) Johns., 620.
The third objection is that the sale of the negro to the plaintiff was illegal, and did not divest Smith of his property.
The negro was levied on by the sheriff and taken into the custody of the law to satisfy the amount of the execution which was against Smith; the negro was exposed to public sale and was then present; the plaintiff was the highest legal bidder, and although the money was paid and a bill of sale given in a few days after, it did not destroy the bid, but the title passed to the plaintiff on the payment of the money. It does not appear to us but that the plaintiff was ready at any moment to pay the money, so soon as a bill of sale should have been executed by the sheriff to him.
My opinion is that the plaintiff is entitled to judgment.
Cited: Duffy v. Murrill, 31 N.C. 48.